**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                                                                                                                                         No. CR 08-2936 JB

ADAM ANDERSON,

       Defendant.

**MEMORANDUM OPINION AND ORDER**

       **THIS MATTER** comes before the Court on the Defendant's Appeal to District Court Re Emergency Request for Furlough, filed July 14, 2009 (Doc. 164). The Court held a hearing on July 20, 2009. The primary issue is whether the Court should overturn the Magistrate Judge's decision not to allow Defendant Adam Anderson a furlough to visit and spend time with his new baby. Because the Court believes that it cannot impose conditions that will sufficiently reduce Anderson's chances of not reporting to be taken back into custody and that sufficiently reduce his risk of danger to the community, the Court will deny Mr. Anderson's request, in part, but will order the United States Marshall to allow a contact visit at the facility in which he is being held.

**FACTUAL BACKGROUND**

       Mr. Anderson is twenty-nine years old. He was born in Grants, New Mexico. In his discussions with the United States Probation Pretrial Services, Mr. Anderson listed his adoptive parents as Dale and Pamela Anderson of Negaunee, Michigan, and his biological mother as Lisa Dougherty of Grants. Mr. Anderson advised that he did not know the name or location of his biological father. He revealed maintaining infrequent contact with his adoptive parents and noted

that he visits them in Michigan about once a year.

Mr. Anderson has lived in the Albuquerque, New Mexico community for fifteen years and lists a number of addresses. Additionally, he reported living in Negaunee during his youth. Before his arrest, Mr. Anderson lived in Rio Rancho, New Mexico with his spouse and two children, but had lived at his current address for only four months, from August 2008 to his arrest.

The United States Probation Office's inquiry of Choicepoint's Discovery database corroborates his current address and residential history. The USPO also notes that the database listed another address in Rio Rancho during August 2008 and residential history in Marquette, Michigan during 1999 and 2000. Mr. Anderson's spouse, Anjoli Anderson, verified Mr. Andersen's current residence and residential history in Albuquerque.

Mr. Anderson is self employed, owning Complete Mobile Detail Inc. in Albuquerque, New Mexico. His monthly income is approximately $16,00.00. He has been employed by Complete Mobile for six years.

**PROCEDURAL BACKGROUND**

On December 18, 2008, Mr. Anderson had an initial appearance before the Honorable Alan C. Torgerson, United States Magistrate Judge, subsequent to his arrest on an Indictment, which charges Drug Conspiracy under 21 U.S.C. § 846. Mr. Anderson was remanded to custody pending a preliminary/detention hearing. On December 19, 2008, Mr. Anderson again appeared before Judge Torgerson for an arraignment/detention hearing. Mr. Anderson entered a plea of not guilty. He was again remanded to custody and he has remained in custody.

On June 18, 2009, the Court allowed Mr. Anderson's co-Defendant, Felipe Diaz, to see his newborn. See Doc. 149 and 152. Ms. Anderson gave birth to their daughter, Kylie, on Saturday, June 27, 2009. Ms. Anderson was hospitalized at University of New Mexico Hospital in

Albuquerque, but is now at home with her newborn and with three other children.

On June 30, 2009, Mr. Anderson, through his counsel, filed an Emergency Request for Furlough. Mr. Anderson requests a one-day furlough from custody, from 8:00 a.m. until 8:00 p.m., or any other curfew time imposed by the Regional Correctional Center, by the United States Marshal's Service, or by the Court for the purpose of seeing and spending time with Kylie. The Honorable W. Daniel Schneider, United States Magistrate Judge, denied Mr. Anderson's emergency motion for furlough on July 6, 2009. Judge Schneider denied Mr. Anderson's emergency motion without a hearing.

On July 14, 2009, Mr. Anderson, through his counsel, filed an appeal, which is now before this Court. Mr. Anderson appeals Judge Schneider's order denying his emergency motion for a furlough. Mr. Anderson requests a one-day furlough for the purpose of seeing and spending time with Kylie and with Ms. Anderson, who is currently recovering from childbirth.

Assistant United States Attorney Joel Meyers defers to the Court, and to the recommendations of the USPO and of the United States' Marshal's Service. Mr. Anderson's counsel contacted United States Probation Officer Jason Beaty, and Beaty opposes this appeal. The USPO recommends that the Court deny the appeal.

Mr. Anderson appeared before the Court on July 20, 2009, in regards to his appeal of the emergency request for a furlough. The USPO continues to recommend that the Court deny Mr. Anderson's request for a furlough. The USPO and the United States did not oppose a contact visit. See Transcript of Hearing at 6:13-18 (taken July 20, 2009)(Ramirez).[1]

---

[1] The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

## ANALYSIS

The USPO is opposed to Mr. Anderson's request for a furlough from custody. The Court has carefully reviewed Mr. Anderson's bail report, and the Court is also reluctant to release him to go home with Ms. Anderson, even for a short period of time. As noted in the Pretrial Services Report, dated December 17, 2008, Mr. Anderson's criminal history presents numerous risks, which indicate that he is flight risk and a danger to the community. The Court has carefully assessed Mr. Anderson's risk of nonappearance and danger to the community. The Court is particularly concerned with the prior failures to appear for court. Mr. Anderson not only has a history of failing to appear, but he has a history of failing to abide by court orders. Additionally, there are no conditions available to the Court that would ensure his return to custody.

On the other hand, the Court is sympathetic to Mr. Anderson's situation. In a similar situation with another defendant in this case, the Court directed the United States Marshals Service to arrange for Diaz to have a six-hour contact visit at the place of custody. Accordingly, the Court will deny Mr. Anderson's request for a furlough, but will order a contact visit so that Mr. Anderson can see Kylie and Ms. Anderson.

The Court will order that the Marshals arrange a six-hour contact visit at the RCC. The only individuals allowed in the visit with Mr. Anderson will be Ms. Anderson and the new baby. During the visit, Mr. Anderson will be provided with reasonable privacy and an opportunity to hold the baby. The Marshals will handle the logistics of the contact visit, and the Marshals, the warden at the RCC, and Mr. Anderson will have a conference before the visit to clarify the details. The Marshals have indicated that they can provide a comfortable room for at least part of the visit. Ms. Anderson will be subject to search when she arrives at RCC, and authorities at RCC will be able to check in on Mr. Anderson, Ms. Anderson, and the baby from time to time during the visit. Mr.

Anderson will also be subject to dry cell following the visit.

**IT IS ORDERED** that the Appeal to District Court Re Emergency Request for Furlough is denied without prejudice to him renewing the request if circumstances change. Defendant Adam Anderson will not be permitted a furlough at this time, but the United States Marshals will arrange for a six-hour contact visit consistent with this memorandum opinion and order.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Gregory J. Fouratt
  United States Attorney
Joel R. Meyers
  Assistant United States Attorney
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Amy Sirignano
Law Office of Amy Sirignano, PC
Albuquerque, New Mexico

    *Attorneys for the Defendant*